# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | ID No. 2109014213 |
| | ) | |
| DAVID JEWELL, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: May 31, 2023
Decided: June 12, 2023

*Upon Defendant David Jewell's Amended Motion to Dismiss/Vacate Convictions or, Alternatively, Motion to Merge Convictions for Sentencing Purposes,*

**GRANTED in part and DENIED in part.**

## **ORDER**

Brianna M. Mills, Esquire; Colleen E. Durkin, Esquire, Deputy Attorneys General, DELAWARE DEPARTMENT OF JUSTICE, Carvel State Office Building, 820 N. French St., 7th Floor, Wilmington, DE 19801, Attorneys for State of Delaware.

Michael W. Modica, Esquire, P.O. Box 437 Wilmington, DE 19899, Attorney for Defendant David Jewell.

**WHARTON, J.**

This 12ᵗʰ day of June 2023, upon consideration of Defendant David Jewell's Amended Motion to Dismiss/Vacate Convictions or, Alternatively, Motion to Merge Convictions for Sentencing Purposes[1] the State's Response,[2] and the record in this case, it appears to the Court that:

1.     At the conclusion of a four-day jury trial Defendant David Jewell ("Jewell") was found guilty of one count of stalking, one count of harassment, and 26 counts of terroristic threatening.[3]  He was acquitted of a single count of act of intimidation.[4]  The Court ordered a presentence investigation and sentencing is pending.

2.     Jewell now moves to dismiss/vacate his convictions for terroristic threatening and harassment on the theory that they are included within the offense of stalking.[5]  He argues that because they are lesser included offenses, 11 *Del. C.* § 206 "prohibits convicting a defendant of more than one offense where one offense 'is established by the proof of the same or less that all of the facts required to establish the commission of the second offense'"[6]  Similarly, under *Blockburger v.*

---

[1] D.I. 20.
[2] D.I. 21.
[3] D.I. 18.
[4] *Id.*
[5] Def.'s Mot at ¶¶ 1-6, D.I. 20.
[6] *Id.* at § 3, quoting 11 *Del. C.* § 206, D.I. 20.

*U. S.*,[7] with which § 206 is consistent,[8] "'where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact the other does not.'"[9] Applying § 206 and *Blockburger*, Jewell contends that all of the respective elements of harassment and terroristic threatening are included in the stalking charge as that charge was drafted.[10] Finally, he notes that the Delaware Supreme Court has previously determined that harassment is a lesser included offense of stalking.[11] Alternatively, he requests that the Court merge those charges into the stalking charge for sentencing purposes.[12]

3. In its response, the State concedes that the harassment charge is a lesser included offense of stalking and should merge into that charge at sentencing.[13] Accordingly, Jewell's Motion is **GRANTED** as to the harassment charge.[14] That charge will merge into the stalking charge for sentencing.

4. Although the State acknowledges that a literal application of § 206 and *Blockburger* would seem to preclude Jewell being convicted of both stalking and

---

[7] 284 U.S. 299 (1932).
[8] *Stigars v. State*, 674 A.2d 477, 482 (Del. 1996).
[9] Def.'s Mot at ¶ 4, quoting *Blockburger*, 284 U.S. at 304, D.I. 20.
[10] *Id.* at ¶ 5.
[11] *Id.* at ¶ 6, citing *Burnham v. State*, 761 A.2d 830 (Del. 2000).
[12] *Id.* at ¶ 7.
[13] State's Resp. at 3, D.I. 21.
[14] N22-08-1007.

3

terroristic threatening, nevertheless, the State argues his convictions of both crimes should stand.[15] In support of this contention, the State observes that the terroristic threatening component of the stalking charge is a sentencing aggravator, raising the crime to a class G felony from a class F felony.[16] For that reason, in the State's view, the General Assembly, when it amended the stalking statute to add this and other aggravators, did not indent to make terroristic threatening a lesser included offense of stalking. Rather, it intended to further punish stalkers.[17]

5. Both sides cite *Mills v. State*.[18] In *Mills*, the defendant argued he could not be sentenced for his separate convictions for resisting arrest with force or violence and heroin drug dealing under § 206 and *Blockburger* because the resisting arrest offense was a lesser included offense of the drug dealing charge.[19] Specifically, he argued that both convictions could not stand because "the State used the resisting arrest offense as an aggravating factor to elevate the drug dealing offense to a higher felony grade."[20] In expressing the proper analytical approach to the issue, the Delaware Supreme Court said, "We have previously noted, however,

---

[15] *Id.* at 6.
[16] *Id.* at 4-6.
[17] *Id.* at 6-7.
[18] 201 A.3d 1163 (Del. 2019). *See,* Def.'s Mot at ℙ 4, D.I. 20; State's Response, at 4, D.I. 21.
[19] *Id.* at 1167.
[20] *Id.* at 1165.

4

that *Blockburger* and § 206 are 'only an aid to statutory construction' and they 'do[] not negate clearly expressed legislative intent.' If 'a better indicator of legislative intent is available,' a literal application of *Blockburger* and § 206 'does not apply.'"[21] In holding that the General Assembly intended separate punishments for both crimes, the Court looked to the synopsis of the bill that created the drug dealing offense which clarified that a person could be convicted of both the drug offense and the aggravator.[22]

6. The *Mills* Court observed that the statement in the synopsis was "about as clear a statement of legislative intent as one could ask for, other than a statement to that effect in the statutory text itself."[23] Here there is just such a codification of legislative intent in the statutory text. The statute reads, "[a] conviction for any predicate act relied upon to establish a course of conduct does not preclude prosecution under this section. Prosecution under this section does not preclude prosecution under any other section of the Code."[24]

7. Thus, the Court concludes that, although a literal application of *Blockburger* and § 206 would seem to preclude punishing Jewell for both stalking and terroristic threatening, the General Assembly clearly and expressly authorized

---

[21] *Id.* at 1175 (internal citations omitted).
[22] *Id*. at 177.
[23] *Id.*
[24] 11 *Del. C.* § 1312(e)(1).

punishing him for both. Accordingly, Jewell's motion as to the terroristic threatening charges is **DENIED**.

**THEREFORE,** Defendant David Jewell's Amended Motion to Dismiss/Vacate Convictions or, Alternatively, Motion to Merge Convictions for Sentencing Purposes is **GRANTED** as to the harassment charge. The harassment charge will merge into the stalking charge for sentencing. It is **DENIED** as to the terroristic threatening charges.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.